**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis (AZ Bar No. 037343)
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
Fax: (786) 623-0915

*Attorney for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Darrel Willis, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>OpenTech Alliance, Inc. d/b/a Storage Treasures,<br><br>          Defendant. | Case No.<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227,** *ET SEQ***. (TCPA)**<br><br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT

1. Plaintiff, Darrel Willis ("Plaintiff"), brings this action against Defendant, OpenTech Alliance, Inc. d/b/a Storage Treasures ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. Defendant is a self-storage tech company that touts itself as "the leader in automation, call center and online auction services for the self storage industry."[1] To promote its services, Defendant engages in aggressive unsolicited marketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products without regards to consumers' rights under the TCPA, even after consumers opt out of Defendant's telemarketing.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

---

[1] https://opentechalliance.com/about-us/ (last accessed February 4, 2025).

2
CLASS ACTION COMPLAINT

6. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's primary place of business is in this district, because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff originated from within the State of Arizona and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Arizona.

## PARTIES

7. Plaintiff is a natural person who, at all times relevant to this action, was a resident of El Paso County, Colorado.

8. Defendant is an Arizona company whose principal place of business is listed at 2101 W PEORIA AVE SUITE 100, PHOENIX, AZ 85029, USA. Defendant directs, markets, and provides its business activities throughout United Stated and the State of Arizona.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant

## FACTUAL ALLEGATIONS

10. Beginning in October of 2024 Defendant began bombarding Plaintiff with telemarketing text messages and voicemails to Plaintiff's cellular telephone number ending in 1372 (the "1372 Number") including the following text below from October 30, 2024 sent from Defendant's (623)-244-4917 telephone number:

3
**CLASS ACTION COMPLAINT**



11. Defendant's text messages included the following opt-out instructions: "Reply STOP 2 end."

12. On October 30 2024, Plaintiff responded to Defendant's 623-244-4917 number with the word "Stop" in an attempt to out-out of any further text message communications with Defendant, as shown above.

13.     Immediately after Plaintiff sent his opt-out request, Defendant responded with the following opt-out confirmation: "You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe."

14.     Despite Plaintiff's use of Defendant's preferred opt-out language and Defendant's subsequent opt-out confirmation, Defendant ignored Plaintiff's opt-out demand and sent Plaintiff another telemarketing text message on or about October 31 and November 14, 2024, from a different number belonging to Defendant: (623)-304-5065.



15.     Yet again, Plaintiff attempted to opt out of further unwanted telemarketing text messages from Defendant by texting "Stop" for a second time, on November 14, 2024, as shown above.

5
**CLASS ACTION COMPLAINT**

16. Again, immediately after Plaintiff sent his opt-out request, Defendant responded with the following opt-out confirmation: "You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe."

17. Defendant continued to send unwanted text messages to Plaintiff (using various telephone numbers including but not limited to (623)-294-6259 and (855)-625-3731) through at least November of 2024, prompting Plaintiff to send additional "stop" requests on at least November 14 and November 18, 2024, as demonstrated below:



18. Defendant has the capability of immediately complying with Plaintiff's opt-out request as evidenced by Defendant's immediate opt-out confirmation texts.

6
**CLASS ACTION COMPLAINT**

19. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

20. For example, these facts suggest that Defendant has failed to maintain a master opt-out list and/or failed to maintain internal policies sufficient to cross-reference Defendant's various marketing telephone numbers with the opt-out requests made by Plaintiff and members of the Class.

21. Plaintiff's and the Class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

22. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

23. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's storage unit auctions.

24. The information contained in the text message advertises Defendant's various promotions, which Defendant sends to promote its business.

25. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

26. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

27. Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

28. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

29. To the extent Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on October 30, 2024 when Plaintiff opted out of Defendant's text messages.

30. Plaintiff is the subscriber and sole user of the 1372 Number and is financially responsible for phone service to the 1372 Number.

31. Plaintiff's 1372 Number is his residential number used for personal purposes.

32. The text messages originated from telephone numbers (623)-244-4917, (623)-304-5065, (623)-294-6259, and at least (855)-625-3731 - numbers which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

33. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

34. Defendant's unsolicited text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message and reply "stop" to opt out of these unwanted text messages.

## CLASS ALLEGATIONS

### PROPOSED CLASS

35. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

36. Plaintiff brings this case on behalf of a Class defined as follows:

> **Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.**

8

**CLASS ACTION COMPLAINT**

37. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

38. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who had already requested to be opted out of further communications with Defendant. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

40. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a. Whether Defendant violated 47 C.F.R. § 64.1200(d);
   b. Whether Defendant's conduct was knowing and willful;
   c. Whether Defendant violated the privacy rights of Plaintiff and members of the class;
   d. Whether Defendant is liable for damages, and the amount of such damages; and
   e. Whether Defendant should be enjoined from such conduct in the future.

41. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

**CLASS ACTION COMPLAINT**

42. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

43. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

44. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA 47 U.S.C. § 227(c)(2)**
**(On Behalf of the Plaintiff and the Internal Do Not Call Class)**

46. Plaintiff repeats and re-alleges paragraphs 1 through 45 of this Complaint and incorporates them by reference herein.

47. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations

10
**CLASS ACTION COMPLAINT**

prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

48. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

49. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991

47 C.F.R. § 64.1200(e).

50. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

11
**CLASS ACTION COMPLAINT**

51. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

52. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

53. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

54. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

55. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

56. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

57. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

    a. An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

    b. An award of actual and statutory damages for Plaintiff and each member of the Class;

c. An order declaring that Defendant's actions, set out above, violate the TCPA;

d. An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

e. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 4, 2025

Respectfully submitted,

**SHAMIS & GENTILE P.A.**
*/s/ Andrew J. Shamis*
Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Tel: (305) 479-2299

*Counsel for Plaintiff and the Class*